IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**PROGRESSIVE TECHNOLOGIES, INC.**                                     **PLAINTIFF**

V.                     **CASE NO. 5:24-CV-5101**

**ADEPT PATRIOT SERVICES, LLC**                                         **DEFENDANT**

## OPINION AND ORDER

Before the Court is Plaintiff Progressive Technologies, Inc.'s ("Progressive") *Daubert* Motion to Exclude Report, Opinions, and Testimony of Adam Winbury (Doc. 45) and Brief in Support (Doc. 46). Defendant Adept Patriot Services, LLC ("Adept") filed a Response in Opposition (Doc. 55). For the reasons stated below, the Motion is **DENIED**.

This case arises out of a construction dispute between Progressive, a subcontractor, and Adept, a general contractor. Adept was hired to install a fire alarm system at the Veterans' Affairs ("VA") Health Care System Campus located in Fayetteville, Arkansas. Adept then subcontracted certain jobs to Progressive, including demolition work on the existing fire alarm system and installing, testing, and commissioning the upgraded system. Adept agreed to pay Progressive $171,555.00 for its services. However, after VA paid Adept for Progressive's work, Adept withheld payment from Progressive to the tune of more than $120,000.00. Adept claimed Progressive's work was completed behind schedule or incomplete, and Adept was forced to expend its own resources to finish Progressive's tasks. Predictably, Progressive sued Adept for breach of contract, and Adept countersued for breach of contract. Progressive hired a construction and damages expert named L. Alex Staley, who offered opinions on

1

Progressive's measure of damages. Adept did not hire an expert but instead identified its CEO and President Adam Winbury as a non-retained industry expert. Adept characterizes Mr. Winbury as a fact witness and asserts that his testimony at trial will primarily fall under Federal Rule of Evidence 701. Mr. Winbury did not submit an expert report, but Adept concedes that he may at some point opine on industry practices and standards based on his own knowledge and experience.

Progressive asks the Court to exclude Mr. Winbury from testifying that Progressive's actions were the primary cause of delays and that Adept's damage calculations are accurate and reasonable. The Court agrees with Adept that Mr. Winbury can likely address these topics through non-expert testimony. Mr. Winbury was an eyewitness to the planning and execution of the VA project, visited the job site, and later created Adept's damages chart (Doc. 46-1). However, in the event that Mr. Winbury offers testimony that strays into Rule 702 territory, the Court may exclude it if it fails to meet certain criteria. According to Rule 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The Eighth Circuit has "boiled down" these requirements into a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014) (quoting *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008)). The proponent of expert testimony bears the burden of showing by a preponderance of the evidence that these requirements are satisfied. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757–58 (8th Cir. 2006).

Progressive insists that Mr. Winbury is not an expert in construction project scheduling because he has never testified as an expert nor been retained as an expert, has never received formal training on construction project scheduling, and holds no "certifications in scheduling." (Doc. 46, p. 8). First, Rule 702 does not require a qualified expert to have had prior experience testifying in court. Second, Mr. Winbury's Rule 26 disclosures and deposition testimony confirm that he has participated in multiple projects involving fire alarm installation as an engineer, project manager, program manager, and subject matter expert, and he has reviewed and built schedules, plans, and specifications for more than 15,000 such projects. Mr. Winbury has owned and operated Adept since 2018 and has devoted his professional career to managing the installation of low-voltage systems like the one installed at VA. Third, it appears Mr. Winbury does hold a number of relevant industry certifications, such as: (1) Senior Engineering Technician Certification, issued by the National Institute for Certification in Engineering Technologies; (2) Registered Communications Distribution Designer Certification, issued by Building

3

Industry Consulting Service International; and (3) Physical Security Professional Certification, issued by the American Society for Industrial Security. In sum, the Court is satisfied that Mr. Winbury is qualified to offer expert opinion in the fields of construction, program managing, engineering, and fire alarm system installation.

Aside from the above areas of expertise, Mr. Winbury is expected to testify about internal and external correspondence about the project, Adept's work logs, VA's site reports, and Progressive's alleged missed deadlines and inefficiencies. The Court is loath to preemptively exclude any of this testimony and instead instructs counsel for Progressive to lodge the appropriate objection if, at trial, Adept fails to lay an adequate foundation for a particular line of inquiry.[1]

Progressive's final argument is that Adept's damages chart—which Mr. Winbury prepared—is unreliable and should be deemed inadmissible. According to Progressive, Mr. Winbury "cannot explain how he concluded that Progressive's actions were the primary cause of delays on the Project," and he "did not analyze the Project schedule at all." (Doc. 46, p. 8). This characterization of Mr. Winbury's deposition testimony is a bit uncharitable. He explained how he determined that Progressive's actions caused delays (though Progressive finds those explanations flimsy and unpersuasive). He also articulated his methodology for calculating Adept's damages. For example, he arrived at

---

[1] The Court notes that the primary purpose of liminal motions seeking to exclude evidence from trial is to protect the jury from confusion or prejudice. See *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) (citing *Daubert v. Merrell Dow Pharm.s, Inc.*, 509 U.S. 579 (1993)) ("The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony."). The instant matter is set for a bench trial, where the "usual concerns of the *Daubert* rule—keeping unreliable expert testimony from the jury—are not present." *Id.* (citation modified).

the "labor rate" that is used in the damages chart by calculating a base hourly rate consisting of an average salary cost per category of employee, then adding a percentage mark-up for Adept's labor burden, profit, and use of a line of credit. Though he struggled to explain why he added a percentage mark-up at all, such a critique may be addressed on cross-examination.

**IT IS THEREFORE ORDERED** that Progressive's *Daubert* Motion (Doc. 45) is **DENIED.**

**IT IS SO ORDERED** on this 20th day of October, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE